Labauve, J.
The State of Louisiana claims of the defendants in solido the sum of $1,000, as a forfeiture of a bond of the following tenor:
‘ “ Be it remembered that George M. Dole, as principal, and E. J. Ball, as surety, acknowledge themselves indebted unto the State of Louisiana in the sum of one thousand dollars.
“Whereas, the above bounded George M. Dole has applied to the undersigned, Third Justice of the Peace for the parish of Orleans, and has obtained from him a license to marry Miss A. Petrie.
“Now, the condition of the above bond is such, that in case within two years from this date it should appear that there existed any legal impediment to said marriage, then, and in that case the above obligation shall be null and void, or else it shall remain in full force and virtue.
“ Signed at New Orleans, 8th November, 1866, by the parties and the Justice of the Peace.”
The defendants pleaded the general issue.
The oourt below gave judgment for the defendants.
’ The alleged forfeiture of the bond is stated in the petition, to consist in this:
“ That at the time of the execution of said bond, there did exist a legal impediment to said marriage, to-wit: the minority of Miss A. Petrie, said marriage being contracted without the consent of the only surviving parent of said minor. ”
We are of opinion that the impediments contemplated by Art. 105 of the Civil Code, under which this bond was given, are those that would cause the nullity of the marriage. ,
The want of consent of a parent, to a minor child to marry, has not that effect; it is only a good cause to disinherit the child. C. C. Art. 114.
Judgment affirmed.